UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VIRGIN RECORDS AMERICA, INC.,
SONY BMG MUSIC ENTERTAINMENT,
BMG MUSIC, CAPITOL RECORDS, INC.,
WARNER BROS. RECORDS., INC. and
ELEKTRA ENTERTAINMENT GROUP, INC.,

        Plaintiffs,

v.                              Case No. 05-C-1292

TINA VAN HANDEL,

        Defendant.

---

**ORDER**

---

This is an action seeking damages and injunctive relief for infringement of plaintiffs' copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. §§ 101, 106, 501-505. The case is presently before the court on plaintiffs' motion for summary judgment. Plaintiffs' motion is based primarily upon the defendant's deemed admissions obtained by the plaintiffs pursuant to Fed. R. Civ. P. 36(a). In addition, the defendant has failed to respond to the plaintiffs' properly-noticed motion for summary judgment. Based upon the admissions and the defendant's failure to respond, the court concludes that there are no disputes as to any material facts and that the plaintiffs are entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that the plaintiffs' motion for summary judgment is granted and plaintiffs are hereby awarded statutory damages in the amount of $6,000 and costs in the amount of $288.00.

**IT IS FURTHER ORDERED** that defendant shall be and hereby is enjoined from directly or indirectly infringing plaintiffs' rights under federal or state law in the copyrighted recordings and any sound recording, whether now in existence or later created, that is owned or controlled by plaintiffs or any parent, subsidiary, or affiliate record label of plaintiffs ("plaintiffs' recordings") including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of plaintiffs' recordings to distribute (i.e. upload) any of plaintiffs' recordings, or to make any of plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with express authority of plaintiffs. Defendant also shall destroy all copies of plaintiffs' recordings that defendant has downloaded on to any computer, hard drive or server without plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred on to any physical medium or device in defendant's possession, custody or control.

The clerk is directed to enter judgment in accordance with this order.

Dated this   28th   day of November, 2006.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge